230

872 A.2d 781

IN THE MATTER OF RICHARD R. THOMAS, II, AN ATTORNEY
AT LAW (ATTORNEY NO. 032601995).

May 6, 2005.

# ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–303, concluding that **RICHARD R. THOMAS, II**, of **NEWARK**, who was admitted to the bar of this State in 1995, and who has been suspended from the practice of law effective October 29, 2004, should be suspended from the practice of law for a period of two years for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.3(lack of diligence), *RPC* 1.4(a)(failure to communicate with a client), RPC 1.15(a)(failure to safeguard property), *RPC* 1.15(b)(failure to make prompt disposition of funds), *RPC* 1.15(d)(failure to comply with recordkeeping rules), *RPC* 8.4(a)(violation of, or attempt to violate the *Rules of Professional Conduct*), *RPC* 8.4(b)(commission of a criminal act), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that respondent should continue to comply with the conditions imposed in the Court's Order filed on October 1, 2004, requiring that prior to reinstatement to practice, respondent should complete ten hours of courses in professional responsibility and practice under supervision for two years, and that respondent should not be reinstated to practice until the conclusion of all ethics matters pending against him;

And **RICHARD R. THOMAS, II**, having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a three-year suspension from practice is warranted;

And good cause appearing;

It is ORDERED that **RICHARD R. THOMAS, II**, is suspended from the practice of law for a period of three years and until the further Order of the Court, retroactive to October 29, 2004; and it is further

ORDERED that respondent shall not be reinstated to the practice of law until all ethics matters pending against him are concluded; and it is further

ORDERED that prior to reinstatement to practice, respondent shall enroll in and complete ten hours of courses in professional responsibility; and it is further

ORDERED that on reinstatement to practice, respondent shall not practice law as a sole practitioner, and for a period of three years and until the further Order of the Court, he shall be supervised in his practice by a practicing attorney approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.